20-862
Li v. Garland

BIA
Gordon-Uruakpa, IJ
A205 984 872

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty-one.

PRESENT:
      JOSÉ A. CABRANES,
      GERARD E. LYNCH,
      WILLIAM J. NARDINI,
         *Circuit Judges.*

_____

YI ZHU LI,
      *Petitioner*,

      v.                      **20-862**
                                   **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:      Jeffrey Bossert Clark, Acting Assistant Attorney General; John

S. Hogan, Assistant Director; Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yi Zhu Li, a native and citizen of the People's Republic of China, seeks review of a February 12, 2020, decision of the BIA affirming a May 17, 2018, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Zhu Li*, No. A205 984 872 (B.I.A. Feb. 12, 2020), *aff'g* No. A205 984 872 (Immig. Ct. N.Y. City May 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a

2

trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Li was not credible as to her claims that she was forced to have an abortion under China's family planning policy and that she was detained and hit on account of her religion.

The IJ reasonably relied on inconsistencies between Li's testimony and her mother-in-law's statement regarding when Li was forced to terminate her pregnancy and how she arrived at the family planning office for the procedure. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Li's explanation that her husband wrote her mother-in-law's statement was not compelling

3

because his statement was not similarly inconsistent. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). The agency also reasonably relied on the inconsistency between Li's testimony that she never became pregnant after the abortion and her medical record from China, which listed a 2004 pregnancy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency was not compelled to credit Li's explanation that another woman's information was mistakenly recorded in her medical record. *See Majidi*, 430 F.3d at 80.

The agency also reasonably relied on Li's inconsistent evidence regarding her baptism, which provided four different baptism dates and different locations. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Li's contention that the agency erred in relying on only one inconsistency to find her not credible as to her religious persecution claim, there were numerous inconsistencies and she admitted to knowingly obtaining and submitting a baptism certificate with an

4

incorrect date because such evidence was necessary to support her claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

Given the numerous inconsistencies related to both her family planning claim and her religious practice, the adverse credibility determination is supported by substantial evidence and is dispositive of asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 165–66; *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5